UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRENT HORTON                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:13CV21 DPJ-FKB

FAURECIA AUTOMOTIVE                                                             DEFENDANT

ORDER

This employment-discrimination action is before the Court on motion of Defendant

Faureica Automotive for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Plaintiff Trent Horton, proceeding *pro se*, has responded in opposition.  The Court, having

considered the parties' submissions, finds that Defendant's motion should be granted.

I.       Factual Background

Defendant Faurecia manufactures seats for automobiles at its plant in Madison County,

Mississippi.  In April 2011, Plaintiff Trent Horton began work at Faurecia, supervising various

production lines.  By fall 2011, Jamie Burke, Horton's supervisor, observed and documented

concerns about Horton's supervisory skills and competence.  Horton's employment was

eventually terminated on April 27, 2012.  He thereafter exhausted his administrative remedies by

filing a Charge of Discrimination with the Equal Employment Opportunity Commission alleging

retaliation and discrimination based on race, age, and disability.  After receiving notice of his

right to sue, Horton filed this action.  He again alleges age, race, and disability discrimination and

adds a defamation claim.

II.      Summary Judgment Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil

Procedure when evidence reveals no genuine dispute regarding any material fact and that the

moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324 (citation omitted).  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

But factual controversies are to be resolved in favor of the nonmovant, "only when . . . both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  Significant to the present motion, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002).  The 2010 amendments to Rule 56 make this clear.  Pursuant to Rule 56(c)(1), a party asserting that a fact "is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials."  Finally, "[t]he court has no duty to search the record

for material fact issues.  Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) (citations omitted).

These rules apply equally to *pro se* litigants.  Although *pro se* pleadings must be viewed liberally, such plaintiffs are still required to follow Rule 56 of the Federal Rules of Civil Procedure.  In particular, the Court has no discretion to consider unsupported assertions and evidentiary materials that fall short of Rule 56's requirements.  *See Gordon v. Watson,* 622 F.2d 120, 123 (5th Cir. 1980).  This rule limits the Court's discretion to assist an untrained litigant. *McAlpine v. Porsche Cars N. Am. Inc.*, No. 09–10407, 2010 WL 6768322, at *3 (5th Cir. June 2, 2010) (noting lack of discretion).  Accordingly, a *pro se* litigant may not rely on his or her own unsworn statements appearing in a response.  *Gordon*, 622 F.2d at 123 ("Although pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials.").  Here, Horton's one-page response cites no record evidence and offers little more than unsworn argument, his personal belief that discrimination occurred, and the promise that "once [his] witnesses are heard the Faurecia case will crumble."  Pl.'s Resp. [49] at 1.

Horton's response is clearly insufficient, but that alone does not allow the Court to grant Defendant's motion.  Even when a plaintiff files no response at all, the Court must still satisfy itself that the defendant has demonstrated grounds for relief.  *See* Uniform Local Rule 7.2(b)(3)(e) (dispositive motions may not be granted as unopposed).  As explained by the Fifth Circuit Court of Appeals, district courts must first consider the record.

> [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied—even if the non-movant has not responded to the motion. But where the movant's summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances.

*McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming summary judgment where counsel failed to file timely response).

In other words, the Court cannot grant a summary judgment motion for the mere lack of response, but if the record establishes that the movant met its burden under Rule 56(a), then the absence of responsive affidavits or other record evidence creating a genuine issue for trial will justify an order granting the motion. *Id.*; *see also Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment where non-movant failed to respond); *Stewart v. City of Bryan Public Works*, 121 F. App'x 40, 42 (5th Cir. 2005) (same); *Ahart v. Vickery*, 117 F. App'x 344, 344 (5th Cir. 2004) (same).

III.     Analysis

In its motion for summary judgment, Defendant addresses Horton's allegations of retaliation, discrimination, and defamation. But the undisputed record evidence indicates that Horton received a severance package in exchange for waiving any claims "in any way related to [his] employment with, or separation from Faurecia." Def.'s Mot. [45] Ex. 3. The waiver was contingent upon Horton securing employment within 21 days, *id.*, which he did, Def.'s Mot. [45] Ex. 7, Horton Dep. Vol. I, at 37. Though Horton makes vague and unsubstantiated references to a breach of some agreement by Faurecia, he has neither established a breach of the release nor

shown that the contract is unenforceable.  All claims are dismissed on this basis.

Because the claims have been released, the Court will not offer significant analysis of the remaining grounds for granting Defendant's motion.  That said, even assuming the claims had not been waived, they still fail essentially for the reasons stated in Defendant's motion.  In the most general terms, evidence of a prima facie case of age, race, or disability discrimination is lacking; Faurecia has proffered a legitimate non-discriminatory and non-retaliatory reason for its employment decision—poor performance and insubordination; and Horton has failed to met his ultimate burden as to these claims.[1]

While the Court understands that Horton believes he was the victim of discrimination, the Fifth Circuit Court of Appeals "has consistently held that an employee's subjective belief of discrimination alone is not sufficient to warrant judicial relief." *Lewis v. Jefferson Parish Hosp. Serv. Dist. No. 2*, — F. App'x —, 2014 WL 1388899, at *3 (5th Cir. Apr. 10, 2014).

Finally, as to defamation, Horton has failed to identify a defamatory statement.  He does say that after his termination he was removed from the premises by "armed guards," which he describes as "humiliating and degrading."  Pl.'s Resp. [49] at 1.  Assuming this is the act upon which Horton bases his defamation claim, the claim was waived with the others.  And even if not waived, it is not supported with citation to any competent record evidence.  And even if that deficiency could also be overlooked, "[a]lone, the mere escorting of suspended workers out of the plant is not defamatory or indicative of malice." *Bagby v. Gen. Motors Corp.*, 976 F.2d 919,

---

[1]Horton attaches one page from a performance review indicating that he met expectations. *See* Pl.'s Resp. [50] at 4.  But the rest of the review indicates a substantial number of deficiencies. *See* Def.'s Mot. [45] Ex. 4 at 17.  Moreover, the review is dated December 22, 2011, less than a year after he began employment, and fails to address the incidents that occurred in the months before Faurecia terminated his employment.

921 (5th Cir. 1992) (applying Texas law).  In sum, the response fails to offer record evidence of a

defamatory statement; unprivileged publication to a third party; fault amounting to at least

negligence; or defamation *per se*.  *See generally Armistead v. Minor*, 815 So. 2d 1189, 1193

(Miss. 2002) (citation omitted) (outlining prima facie elements of defamation under Mississippi

law).  The defamation claim is due for dismissal.

IV.     Conclusion

        For the reasons stated, Defendant's Motion for Summary Judgment is granted.  A

separate judgment will be docketed under Rule 58.

        **SO ORDERED AND ADJUDGED** this the 27th day of May, 2014.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE